# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ELISA DIANE STAGGS, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> BELINDA DUNCAN and § <br> DANNY HERMAN TRUCKING, INC. § <br> § <br> *Defendants.* § | Civil Action No. 4:25-cv-4 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Belinda Duncan and Danny Herman Trucking, Inc.'s Motion to Partially Dismiss Pursuant to Rule 12(b)(6) (Dkt. #13). Also pending before the Court is Defendant Danny Herman Trucking, Inc.'s Motion for Summary Judgment on Statute of Limitations & Brief in Support (Dkt. #15). Having considered both Motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendants Belinda Duncan and Danny Herman Trucking, Inc.'s Motion to Partially Dismiss Pursuant to Rule 12(b)(6) (Dkt. #13) should be **GRANTED in part**. Plaintiff's negligence *per se* claim against Defendant Duncan should be **DISMISSED without prejudice**; and

2. Defendant Danny Herman Trucking, Inc.'s Motion for Summary Judgment on Statute of Limitations & Brief in Support (Dkt. #15) should be **GRANTED**. Defendant Danny Herman Trucking, Inc. should be **DISMISSED** from this lawsuit **with prejudice**.

## BACKGROUND

### I. Factual Background

This is a personal injury action arising from a motor vehicle collision. Elisa Staggs ("Plaintiff") alleges that, on November 30, 2022, Plaintiff and Defendant Duncan were traveling eastbound on Interstate 35 East Service Road in Denton County, Texas (Dkt. #11 at p. 2). While

Plaintiff drove in the right lane, Defendant Duncan, while employed by Danny Herman Trucking, Inc. ("DHT") piloted a commercial truck that DHT owned in the left lane (Dkt. #11 at p. 2). Plaintiff claims that, "without warning," Defendant improperly changed lanes toward her and subsequently collided with Plaintiff's vehicle (Dkt. #11 at p. 2). As a result of the collision, Plaintiff claims to have sustained injuries for which she now seeks recompense (Dkt. #11 at p. 2). According to Plaintiff, Defendant Duncan collided with Plaintiff while operating DHT's vehicle in the course of her employment as a DHT truck driver (Dkt. #11 at p. 2). For her injuries, Plaintiff sued.

## II.   Procedural Background

On September 17, 2024, Plaintiff sued Defendant Duncan in the Denton County Court of Law No. 2 of Denton County, Texas (Dkt. #1 at p. 1; Dkt. #1-4 at p. 1; Dkt. #4 at p. 1). On December 4, 2024, Plaintiff amended her Petition to add DHT as a defendant (Dkt. #1-7). Subsequently, Defendants removed the matter to federal court (Dkt. #1). On January 24, 2025, Plaintiff filed a Second Amended Complaint (Dkt. #11). Plaintiff's live pleading asserts various causes of action against Defendant Duncan individually and against DHT. Specifically, Plaintiff's Second Amended Complaint pursues claims against Defendant Duncan for negligence, negligence *per se*, and gross negligence (Dkt. #11 at pp. 2–3). As to DHT, Plaintiff asserts that it is liable for Defendant Duncan's negligence on a theory of *respondeat superior* (Dkt. #11 at p. 4). Further, Plaintiff alleges that DHT is liable for negligence *per se* and for negligent training, hiring, supervision, and retention of Defendant Duncan (Dkt. #11 at pp. 4–5).

Following Plaintiff's filing of her Second Amended Complaint, Defendants jointly filed their First Amended Answer (Dkt. #14) and their joint Motion to Partially Dismiss Pursuant to Rule 12(b)(6) (Dkt. #13). Through it, Defendants seek to dismiss Plaintiff's negligence *per se* claims against both Defendant Duncan and DHT (Dkt. #13 at p. 2). Defendants' Motion to Dismiss also

2

seeks to dismiss Plaintiff's direct negligence claims against DHT (Dkt. #13 at p. 3). That is, Defendants seek dismissal of Plaintiff's negligent hiring, training, supervision, and retention claims against DHT (Dkt. #13 at p. 3). Plaintiff did not respond.

Separately and on February 13, 2025, DHT alone filed a Motion for Summary Judgment on Statute of Limitations & Brief in Support (Dkt. #15). Through it, DHT claims an entitlement to summary judgment on all claims Plaintiff asserts against DHT because they are time-barred by Texas's two-year statute of limitations period for claims of personal injury negligence claims (Dkt. #15 at p. 2). On March 5, 2025, Plaintiff filed her Notice of Non-Opposition to Defendant Danny Herman Trucking Inc's Motion for Summary Judgment on Statute of Limitations (Dkt. #17). Through it, she notified the Court that she "does not oppose Defendant DHT's Motion for Summary Judgment" (Dkt. #17 at p. 1). Both Motions being ripe for adjudication, the Court turns to them now. As explained below, Plaintiff's claims against DHT should be dismissed with prejudice pursuant to Plaintiff's consent. Plaintiff's negligence *per se* claim should be dismissed without prejudice under Rule 12(b)(6).

## LEGAL STANDARD

Because Plaintiff does not oppose DHT's Motion for Summary Judgment, the Court need only analyze Defendants' Rule 12(b)(6) Motion. Thus, the Court only articulates the Rule 12(b)(6) standard here. The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

4

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Before turning to the merits of Defendants' Motion to Dismiss under Rule 12(b)(6), the Court resolves two threshold issues. First up is an issue of critical import, which the parties' briefing leaves untouched: subject matter jurisdiction. The Court has an independent obligation to assure itself that subject matter jurisdiction exists before it proceeds any further. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Because Plaintiff's pleadings do not make it easy for the Court to assure itself of jurisdiction, some analysis is warranted. Rest assured, at this stage, it seems that the Court may hear this case. Second, because Defendants' Motion to Dismiss under Rule 12(b)(6) is impacted by the dismissal of DHT, the Court next resolves the Motion for Summary Judgment (Dkt. #15). With those preliminary matters decided, the Court will finally consider Defendants' Motion to Partially Dismiss under Rule 12(b)(6).

### I. Subject Matter Jurisdiction

This case comes before the Court after removal. In their Notice of Removal, Defendants assert that the Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) (Dkt. #1 at p. 1). Under § 1332, Defendants—as the parties invoking the Court's jurisdiction—bear the burden of showing that: (1) complete diversity among the parties exists; and (2) the $75,000 amount-in-controversy requirement is satisfied. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists.").

According to Defendants, complete diversity exists (Dkt. #1 at p. 2). They allege—and Plaintiff does not dispute—that Plaintiff is a citizen of Texas, Defendant Duncan is a citizen of Tennessee, and that DHT is a California Corporation that operates a principal place of business in Tennessee (Dkt. #1 at p. 2). No party disputes that Plaintiff is a citizen of Texas and that Defendant Duncan is a citizen of Tennessee (*See* Dkt. #1; Dkt. #11; Dkt. #14). Nor does any party overtly dispute that DHT is a citizen of California and Tennessee. Plaintiff did not move to remand this case, and none of her pleadings appear to attack DHT's citizenship. Curiously though, Plaintiff's Second Amended Complaint, like her Amended Petition (which originally added DHT as a defendant), claims that DHT "is a Tennessee limited liability company . . . ." (Dkt. #11 at p. 2). (*See also* Dkt. #1-7) (DHT "is a Tennessee limited liability company . . . ."). But of course, whether DHT is a limited liability company or corporation matters for purposes of the Court's calculus under § 1332(a). The citizenship of a corporation and that of a limited liability company are determined differently. And Plaintiff and Defendant alike have alleged *zero* facts as to DHTs membership—if it is a limited liability company—that facilitate a jurisdictional inquiry. Hence, the Court's hesitancy here.

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between every plaintiff and every defendant. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). For diversity purposes, an individual is considered a citizen of the state where she is domiciled. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). An individual is domiciled where she has a fixed residence with the intent to remain there indefinitely. *Id*. A corporation is a citizen of every state in which it is incorporated and of the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's

principal place of business is its "nerve center"—the place where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A limited liability company is a citizen of each state where its members or managers are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).

Because it is undisputed that diversity exists between Plaintiff, a citizen of Texas, and Defendant Duncan, a citizen of Tennessee, the Court proceeds directly to the wild card: DHT. Despite what appears to be Plaintiff's repeated misclassification of DHT as a limited liability company, the Court is satisfied that the parties are completely diverse. Every iteration of the case caption including DHT since its addition as a Defendant classifies DHT as "Inc."—a corporation (*See* Dkt. #1-7; Dkt. #11). Moreover, DHT's consent to removal, as statutorily required, *see* 28 U.S.C. § 1446(b)(2), does not dispute Defendant Duncan's characterization of DHT as a California Corporation that operates a principal place of business in Tennessee (Dkt. #1 at p. 2; Dkt. #1-12). Defendants' Notice of Removal is, naturally, imputed to Defendant DHT. And in the absence of any dispute as to DHT's status as a California corporation operating a principal place of business in Tennessee, the Court is satisfied that DHT is a citizen of California and Tennessee such that complete diversity among the parties exists. *See* 28 U.S.C. § 1332(a).

As a final jurisdictional note, the Court observes that there is no legitimate question that the amount-in-controversy requirement is satisfied. Plaintiff's Amended Petition—controlling at the time of removal—appears to seek damages of $250,000 or less (Dkt. #1-7 at p. 1). Of course, that alone does little to assuage a concern that the amount in controversy exceeds $75,000. Certainly, the Court will treat a specific dollar amount of damages sought in a petition as controlling

7

when made in good faith. *See Guijarro v. Enter Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) ("If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith."). But the Court can only apply that rule if Plaintiff's state court petition makes such a claim. It does not (*See* Dkt. #1-7).

Luckily, Defendants' Notice of Removal allays the Court's concern. To ensure the jurisdictional threshold is satisfied, Defendants "inquired as to whether Plaintiff seeks damages in excess of interests and costs" (Dkt. #1 at p. 2). Defendants aver that, in response to that request, "Plaintiff was unwilling to agree that damages would be limited to $75,000, exclusive of interests and costs" (Dkt. #1 at p. 2). Accordingly, Defendants allege that the amount in controversy here exceeds the jurisdictional floor of $75,000 but appears to be less than $250,000 (Dkt. #1 at p. 2). Plaintiff does not dispute this in any way (*See* Dkt. #11). That is enough. Accordingly, the Court determines that, at this stage, it appears that subject matter jurisdiction exists such that the Court may proceed to the two acute issues before it. That is, DHT's Motion for Summary Judgment (Dkt. #15) and Defendants' Motion under Rule 12(b)(6). The Court addresses each in turn.

## II.    DHT's Motion for Summary Judgment

The Court begins with DHT's Motion for Summary Judgment, which claims entitlement to judgment as a matter of law on all of Plaintiff's claims against DHT because they are time barred under Texas's two-year statute of limitations for personal injuries and property damage arising from negligence or gross negligence (Dkt. #15) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Plaintiff does not oppose that Motion. Accordingly, the Court treats Plaintiff's notice of non-opposition as a stipulation that her claims are time-barred against DHT. Accordingly, Plaintiff's claims against DHT should be dismissed with prejudice, and DHT should be dismissed as it is no longer a party to this lawsuit.

### III.    Defendants' Rule 12(b)(6) Motion

With the above prefatory decisions made, the Court turns to the final inquiry under Rule 12(b)(6). Defendants' Motion seeks dismissal of two categories of claims: (1) Plaintiff's negligence *per se* claim against both Defendant Duncan and DHT; and (2) Plaintiff's direct negligence claims against DHT (Dkt. #13 at pp. 2–3). Because the Court has already determined that DHT shall no longer be a party in this lawsuit, that part of Defendant's Motion should be denied as moot. The only question that remains is whether Plaintiff's Second Amended Complaint has stated a plausible claim for negligence *per se* against Defendant Duncan. It has not.

Because this case is before the Court on diversity, the Court applies Texas substantive law to determine the elements of Plaintiff's cause of action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–77 (1938). Under Texas law, "[t]he unexcused violation of a statute setting an applicable standard of care constitutes negligence as a matter of law if the statute is designed to prevent an injury to that class of persons to which the injured party belongs." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 312 (Tex. 1987), *superseded by statute on other grounds*, *F.F.P. Operating Partners, L.P. v. Duenez*, 327 S.W.3d 680 (Tex. 2007); *Missouri Pac. R. Co. v. Am. Statesman*, 552 S.W.2d 99, 102 (Tex. 1997). This is known as "negligence *per se*." *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979) ("Negligence *per se* is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person."). In such instances, the statutory duty of care "supplants" the duty affixed by common law (the reasonable person standard). *Babiy v. Kelley*, No. 05-17-01122-CV, 2019 WL 1198392, at *3 (Tex. App.—Dallas, Mar. 14, 2019, no pet.) (citing *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455 (Tex. App.—Texarkana 2002, pet. denied) ("A statute that creates an absolute duty may be appropriate for negligence *per se* because the statutory duty supplants the common

law duty of ordinary care.")); *see also Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997); *Ridgecrest Ret. v. Urban*, 135 S.W.3d 757, 762 (Tex. 2004).

Accordingly, to state a cause of action for negligence *per se* under Texas law, Plaintiff must allege sufficient facts to establish: "'(1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury.'" *Do v. GW Trucking Inc.*, No. 1:23-CV-00076-MJT, 2024 WL 604715, at *5 (E.D. Tex. Jan. 24, 2024), *report and recommendation adopted*, No. 1:23-CV-00076-MJT, 2024 WL 580883 (E.D. Tex. Feb. 13, 2024) (quoting *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied)); *see also El Chico*, 732 S.W.2d at 312. To survive Rule 12(b)(6), a plaintiff alleging negligence *per se* must plead a violation of a particular statute. *Eyer v. Rivera*, No. SA-17-CV-01212-JKP, 2019 WL 5543030, at *2 (W.D. Tex. Oct. 25, 2019) (citing *Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016)). That makes sense. "Without a citation to a statutory provision, the Court is unable to determine whether the facts alleged state a violation of any statute." *Del Castillo*, 2016 WL 3745953, at *5; *see also Molina v. B2B Xpress Inc.*, No. EP-23-CV-70-KC, 2023 WL 5090819, at *4 (W.D. Tex. Aug. 9, 2023); *Nuehring v. Doyle*, No. 1:17-CV-255-KFG, 2018 WL 6421697, at *4 (E.D. Tex. Aug. 22, 2018). And the Court must be able to determine whether a particular statute may serve as a proper basis for a negligence *per se* claim. Indeed, whether a negligence *per se* action may properly be predicated upon a particular statute is a question for courts to decide. *See Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012) (citing *Parrot v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969) ("Negligence *per se* applies when the courts have determined that the violation of a particular

statute is negligence as a matter of law.")); *see also Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) (performing such an inquiry). Thus, general allegations that a defendant violated a law without specifying which law will not suffice. Such pleading neither allows the Court to perform its role, if so called upon, to ensure the statute is fitting for a negligence *per se* claim. Nor does it allow a defendant to understand the allegations for which the plaintiff seeks damages.

These principles in mind, the Court turns to Plaintiff's Second Amended Complaint. It is not sufficient. Nowhere in Plaintiff's live pleading does she indicate a particular statutory provision upon which her negligence *per se* claim is based (*See* Dkt. #11). Neither does Plaintiff's Second Amended Complaint attempt to plead that she is a member of a class protected by a particular statute, nor that whatever statute she believes Defendant violated imposed a duty of care greater than the ordinarily prudent person standard, as she must. *See Hanson v. Werner Enters., Inc.*, No. 2:21-CV-00245-RSP, 2022 WL 17823981, at *6 (E.D. Tex. Dec. 20, 2022) (citing *Supreme Beef Packers*, 67 S.W.3d at 456; *Rivera v. Thanh Chi Nguyen*, No. PE:18-CV-41-DC-DF, 2019 WL 4999055, at *4 (W.D. Tex. July 22, 2019), *report and recommendation adopted*, 2019 WL 5026928 (W.D. Tex. Aug. 6, 2019) ("When a statute includes an ordinary-prudent-person standard, the negligence *per se* doctrine cannot apply to the case because the statute implicates the same standard of conduct as the common-law standard of ordinary care.")). Accordingly, Plaintiff's negligence *per se* claim cannot pass muster under Rule 12(b)(6). That claim should, accordingly, be dismissed without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendants Belinda Duncan and Danny Herman Trucking, Inc's Motion to Partially Dismiss Pursuant to Rule 12(b)(6) (Dkt. #13) should be **GRANTED in**

part. Specifically, Plaintiff's negligence *per se* claim against Defendant Duncan should be **DISMISSED without prejudice**. It is further **ORDERED** that Defendant Danny Herman Trucking, Inc.'s Motion for Summary Judgment on Statute of Limitations & Brief in Support (Dkt. #15) should be **GRANTED**. Defendant Danny Herman Trucking, Inc. should be **DISMISSED** from this lawsuit **with prejudice**.

    **IT IS SO ORDERED.**

    **SIGNED this 23rd day of July, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE